**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RONELY DESHON CHAMBERS,

    Plaintiff,                       Civil Action No. 04-CV-71605-DT
v.                                   HONORABLE GERALD E. ROSEN
                                      UNITED STATES DISTRICT COURT

DENNIS STRAUB, et. al.,

    Defendants,
_____/

## **OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT**

On May 14, 2004, this Court dismissed plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 without prejudice based upon plaintiff's failure to exhaust his state administrative remedies, as required by 42 U.S.C. § 1997e(a). The Court subsequently denied plaintiff's motion for reconsideration. Plaintiff's subsequent appeal was dismissed for want of prosecution by the United States Court of Appeals for the Sixth Circuit. *See Chambers v. Straub,* U.S.C.A. No. 04-1966 (6th Cir. April 12, 2005).

Plaintiff has now filed a motion for relief from judgment pursuant to Fed. Rule 60(b)(4), (5), and (6). For the reasons stated below, the motion for relief from judgment is DENIED.

### **I. Discussion**

Pursuant to Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have
    been discovered in time to move for a new trial under Rule 59(b);

1

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
(6) any other reason justifying relief from the operation of the judgment.

This Court dismissed plaintiff's civil rights action, because he failed to plead or prove that he had exhausted his administrative remedies with respect to all ten of the defendants before he filed his complaint. Although plaintiff was not required to exhaust his administrative remedies with respect to the two Michigan State police officer defendants that he had filed suit against, the Court nevertheless dismissed the complaint pursuant to the "total exhaustion" rule, which required the dismissal of an entire prisoner civil rights complaint if it contained any unexhausted claims.

In his motion for relief from judgment, plaintiff asks this Court to reinstate his complaint, in light of the subsequent U.S. Supreme Court decision of *Jones v. Bock,* 127 S. Ct. 910 (2007), issued on January 22, 2007, in which the Supreme Court held that a prisoner's failure to exhaust is an affirmative defense, that inmates are not required to specially plead or demonstrate exhaustion in their complaints, and that where a prisoner's complaint contains both exhausted and unexhausted claims, the district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety.

The Court will dismiss plaintiff's Rule 60(b) motion because it is untimely. Fed. R. Civ. P. 60(c)(1) indicates that:

A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the

2

judgment or order or the date of the proceeding.

In *Okoro v. Hemingway*, 481 F. 3d 873 (6th Cir. 2007), the Sixth Circuit held that a prisoner whose civil rights complaint had been dismissed by the district court for failing to plead the exhaustion of his administrative remedies was entitled to relief from judgment based upon the Supreme Court's decision in *Jones.* The Sixth Circuit considered the prisoner's motion as a 60(b)(1) motion made on the basis of a "mistake based upon legal error." *Id.* at 874.

In this case, plaintiff filed his motion for relief from judgment on or about June 2, 2008, over one year after the Supreme Court issued its decision in *Jones v. Bock.* Because plaintiff waited more than one year after the Supreme Court issued its decision in *Jones* to file his motion for relief from judgment, he is not entitled to invoke the provisions of Rule 60(b)(1) to reopen his case. *See Jacobs v. Wilkinson,* 529 F. Supp. 2d 804, 807 (N.D. Ohio 2008).

The mere fact that plaintiff has indicated that he is seeking relief from judgment pursuant to 60(b)(4), (5), and (6) would not alter this Court's analysis. Motions for relief from judgment that are subject to the one-year limitations period may not be disguised as motions with a more generous limitations period. *See Kalamazoo River Study Group v. Rockwell Intern.,* 355 F. 3d 674, 588 (6th Cir. 2004). In light of the "precise fit" of the circumstances of the grounds raised by plaintiff for relief from judgment and subsection 60(b)(1), it would be inappropriate for this Court to invoke the other subsections of Rule 60(b) to grant relief to plaintiff. *See McCurry ex rel. Turner v. Adventist Health,* 298 F. 3d 586, 596 (6th Cir. 2002). None of the other provisions of Rule 60(b) that are invoked by plaintiff are applicable to his case.

A judgment is considered void, for purposes of 60(b)(4), if the court that rendered the judgment lacked jurisdiction over the subject matter or over the parties, or if the court acted in a manner that was inconsistent with due process of law. *Antoine v. Atlas Turner, Inc.,* 66 F. 3d 105, 108 (6th Cir. 1995). However, a judgment that is based on Sixth Circuit precedent that is overruled by a subsequent Supreme Court decision is not "void," as would permit relief from final judgment pursuant to 60(b)(4). *See Allstate Insurance Company v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 668 (W.D. Mich. 1991). Rule 60(b)(5) likewise does not allow for relief from judgment merely because the caselaw relied on as precedent by the district court in rendering judgment has since been reversed. *Id.*

Finally, a change in decisional law is usually not, in and of itself, an "extraordinary circumstance" that would merit Rule 60(b)(6) relief. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund,* 249 F. 3d 519, 524 (6th Cir. 2001); *See also Agostini v. Felton,* 521 U.S. 203, 239 (1997)("intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)"). Instead, courts have required an applicable change in law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief. *Blue Diamond Coal Co.,* 249 F. 3d at 524. Every judge in this district that has considered the issue has ruled that the Supreme Court's intervening decision in *Jones v. Bock* is not an extraordinary circumstance that would justify Rule 60(b)(6) relief. *See Copenhaver v. Michigan Dept. of Corrections,* No. 2008 WL 724340, * 2 (E.D. Mich. March 18, 2008)(Friedman, C.J.); *Horacek v. McLain,* No. 2007 WL 2875282, *2 (E.D. Mich. September 28, 2007)(Hood, J.)*; Dowdy v. Sodergren,* No. 2007 WL 2225853, * 1 (E.D.

4

Mich. August 2, 2007)(Steeh, J.); *Day v. Ahmed*, No. 2007 WL 2050397, * 1-2 (E.D. Mich. July 16, 2007)(Tarnow, J.); .*Edwards v. Burnett*, No. 2007 WL 1768770, * 2 (E.D. Mich. June 15, 2007)(Borman, J.). This is particularly true in light of the fact that *Jones* was not made retroactively applicable to prisoner cases not pending on direct review at the time of the Supreme Court's decision. *Jacobs,* 529 F. Supp. 2d at 806-07; *Copenhaver,* Slip. Op. at * 2. Because plaintiff's case was not pending on direct review at the time of the *Jones* decision, he is not entitled to relief from judgment pursuant to 60(b)(6).

## ORDER

Based upon the foregoing, the motion for relief from judgment [ Court Dkt. Entry # 15] is denied.

          s/Gerald E. Rosen
          Gerald E. Rosen
          United States District Judge

Dated: July 17, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 17, 2008, by electronic and/or ordinary mail.

          s/LaShawn R. Saulsberry
          Case Manager