UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONELY DESHON CHAMBERS,

                Plaintiff,                No. 04-CV-71605-DT

vs.                                                Hon. Gerald E. Rosen

DENNIS M. STRAUB, et al.,

                Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 21, 2009

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

On May 14, 2004, this Court dismissed Plaintiff Ronely Deshon Chambers prisoner civil rights suit without prejudice based upon Plaintiff's failure to exhaust his state remedies as required by 42 U.S.C. § 1997e(a). The Court subsequently denied Plaintiff's motion for reconsideration. Plaintiff appealed to the Sixth Circuit Court of Appeals but that appeal was ultimately dismissed for lack of prosecution. Thereafter, Plaintiff filed a Fed. R. Civ. P. 60(b) Motion for Relief from Judgment which that Court denied on July 17, 2008. Plaintiff Chambers now moves for reconsideration of the Court's denial of his Rule 60(b) Motion.

The requirements for the granting of motions for reconsideration are set forth in

Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g).

Plaintiff here does not dispute that his Rule 60(b)(1) Motion was untimely because it was filed more than a year after the Supreme Court decided *Jones v. Bock*, 127 S.Ct. 910 (2007), in which the Court held that where a prisoner's complaint contains both exhausted and unexhausted claims, though the unexhausted claims must be dismissed, the case may proceed on the exhausted claims. Rather, he argues that sufficient "extraordinary circumstances" exist which provide sufficient just cause to entitle him to relief under Rule 60(b)(6). The Court already addressed this "catch-all" provision and the "extraordinary circumstances" presented by Plaintiff in its July 17, 2008 Opinion and Order. Furthermore, exceptional circumstances under Rule 60(b) means "unusual and

extreme situations where principles of equity <u>mandate</u> relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund, supra*, 770 F.2d at 451. Plaintiff has not shown such exceptional circumstances in this case.

For all of these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 18]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 21, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager